UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————X

THE NEW YORK TIMES COMPANY and AZMAT KHAN, :

                Plaintiffs, :    **COMPLAINT**

      v. :

UNITED STATES DEPARTMENT OF DEFENSE, :

                Defendant. :

———————————————————————————X

Plaintiffs THE NEW YORK TIMES COMPANY and AZMAT KHAN (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the United States Department of Defense ("DOD") in response to requests properly made by Plaintiffs.

## PARTIES

2. Plaintiff Azmat Khan is an award-winning investigative reporter at *The New York Times* ("*The Times*") and *The New York Times Magazine*.

3. Plaintiff The New York Times Company publishes *The Times* newspaper and www.nytimes.com. It is headquartered in this judicial district at 620 Eighth Avenue, New York, NY 10018.

4. Defendant DOD is the agency within the federal government that has possession and control of the records that Plaintiffs seek.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiffs' place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant DOD has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A), (B). Plaintiffs are therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

9. In December 2021, *The Times* published "The Civilian Casualty Files," a tranche of DOD assessments of reports of civilian casualties resulting from U.S.-led airstrikes in Iraq and Syria.[1] The documents,[2] obtained through FOIA requests and litigation filed against DOD and one of its combatant commands, the U.S. Central Command ("CENTCOM"), revealed how recurring "flawed intelligence" and "faulty targeting" led to years of civilian deaths, with few "documented efforts to identify root causes or lessons learned,"[3] as well as repeated premature

---

[1] *The Civilian Casualty Files*, N.Y. Times, https://nyti.ms/3T15Zmy.

[2] Azmat Khan, Lila Hassan, Sarah Almukhtar, and Rachel Shorey, *The Civilian Casualty Files*, N.Y. Times (Dec. 18, 2021), https://nyti.ms/3TFbcl4.

[3] Azmat Khan, *Hidden Pentagon Records Reveal Patterns of Failure in Deadly Airstrikes*, N.Y. Times (Dec. 18, 2021), https://nyti.ms/3T4nS42.

rejections of casualty claims based on basic errors, such as a failure to conduct simple internet searches.[4]

10.  *The Times*'s reporting garnered multiple awards, including the Pulitzer Prize for international reporting.[5] It also drew praise from DOD itself. At a press briefing on May 10, 2022, the DOD press secretary acknowledged missteps on the Government's part:

> [*The Times*'s] coverage was and it is still not comfortable, not easy and not simple to address. We know that we had more work to do to better prevent civilian harm and we're doing that work. We knew that we had made mistakes, we're trying to learn from those mistakes. . . . [A]nd we knew that we weren't always as transparent about those mistakes as we should be.[6]

(emphasis added).

11.  Despite this acknowledgement, DOD has again frustrated the public's right to know about the true toll of drone strikes by violating its statutory obligation to respond to four separate FOIA requests filed by The Times.

**The AFRICOM Request**

12.  On September 16, 2022, The Times submitted a request to U.S. Africa Command ("AFRICOM"), another of DOD's combatant commands, for "all Credibility Assessment, Closure Report, Commander-Directed Investigation, AR-15-6 and other assessment records regarding the 37 civilian casualty reports" identified in AFRICOM Civilian Casualty Assessment Quarterly Reports. The Times's request contained, for each of the 37 civilian casualty reports, an excerpt from the relevant Quarterly Report referring to the assessment. The request also attached

---

[4] Azmat Khan, Haley Willis, Christoph Koettl, Christiaan Triebert and Lila Hassan, *Documents Reveal Basic Flaws in Pentagon Dismissals of Civilian Casualty Claims*, N.Y. Times (Dec. 31, 2021), https://nyti.ms/3frzz7f.

[5] *The 2022 Pulitzer Prize Winner in International Reporting: Staff of The New York Times, notably Azmat Khan, contributing writer*, The Pulitzer Prizes, https://bit.ly/3FGmkuc.

[6] *Defense Department Briefing*, C-SPAN (May 10, 2022), https://bit.ly/3yYRlFw.

an additional 16 exhibits to aid AFRICOM in locating responsive records. A copy of this request (without exhibits) is attached as Exhibit A.

13. The request also sought expedited processing, on three grounds: (i) that The Times is "primarily engaged in disseminating information" and that there is an "urgency to inform the public concerning actual or alleged Federal Government activity," pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II); (ii) that the failure to obtain records on an expedited basis "could reasonably be expected pose an imminent threat to the life or physical safety of an individual," pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(I); and (iii) that the failure to obtain records on an expedited basis "could reasonably be expected to harm substantial humanitarian interests," pursuant to 32 C.F.R. § 286.8(e)(1)(ii)(B). The Times provided a specific and detailed rationale in support of each of these grounds.

14. On September 19, 2022, AFRICOM issued an "interim response" to the request. It took the position that The Times's request is not "reasonably described" and asked for "narrowed search terms" for the requested records. AFRCOM denied The Times's request for expedited processing, though it did not deny the request itself or assign the request a case number.

15. The parties then exchanged additional correspondence, some involving The Times's legal counsel. In emails on September 21 and 22, 2022, The Times sought to provide AFRICOM with even more detail about the requested records. The Times explained the scope of the request as follows:

> AFRICOM completes reviews of civilian casualty allegations through an assessment process, and publicizes the conclusions of those completed assessments in its quarterly reports. The assessment records are what I am requesting, and they clearly refer to the assessment that concluded whether the allegation was found to be "substantiated" or "unsubstantiated."

>They can include a Commander Directed Investigation (CDI) or AR15-6, a Credibility Assessment Report (CCCAR) , or another form of a civilian casualty assessment (such as a "First Impression Report" or an "Initial Assessment" or what is sometimes called a [5W Report]) that was used to come to the "substantiated" or "unsubstantiated" assessment.

The Times referred AFRICOM to a document published by the agency itself, "Reporting and Responding to Civilian Casualty Allegations and Incidents," which explains the process for assessing civilian casualty allegations as well as the documents created in that process. A copy of the most recent version of this document, obtained by The Times from the agency, is attached as Exhibit B. In addition, The Times asked AFRICOM to assign a case number to the request.

16. Ultimately, over the course of several emails, AFRICOM made its position clear on several points. First, it was forced to admit that The Times's request is reasonably described. As AFRICOM put it, "[t]here is no question that [Ms. Khan's] request is reasonably described." Second, the agency nonetheless believes it is under no legal obligation to respond to the request since it is "overbroad and overly-burdensome." Third, the agency refused to either issue the request a case number or formally deny The Times's request, thereby frustrating The Times's ability to file an administrative appeal.

17. AFRICOM and The Times have not corresponded about this request since September 30, 2022.

### The CENTCOM Requests

18. On November 9, 2021, The Times submitted a request to CENTCOM for copies of "all ex gratia disbursement records, credibility assessment records, closure report records, lesson learned records, after action review records, and AR-15-6 commander-directed investigation records that correspond with [certain] 'condolence' or 'ex gratia' payments made after being assessed as incident to U.S. military operations in Afghanistan in 2019 (65 payments) and 2021 (1 payment)." To aid the agency in its search for records, the request provided more

information — all drawn from DOD's own public releases — about the specific incidents and payments in question. A copy of the request (without exhibits) is attached as Exhibit C.

19. The request sought expedited processing on the ground that The Times is "primarily engaged in disseminating information" and that "there is an urgency to inform the public concerning actual or alleged Federal Government activity," pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II) and 32 C.F.R. § 286.8(e)(1)(i)(B). The Times provided a detailed rationale in support of the expedited processing request.

20. On November 22, 2021, CENTCOM sent The Times an interim letter in response to the request. The letter, dated November 18, 2021, denied The Times's request for expedited processing.

21. The Times has not since heard from CENTCOM regarding this request.

22. On September 18, 2022, The Times submitted a second request to CENTCOM for records regarding a civilian casualty incident in Baghuz, Syria, on March 18, 2019. In particular, the request seeks independent review records, commander-directed investigation (CDI) or AR-15-6 records, civilian casualty credibility assessment records, and CENTCOM briefing records. A copy of the request (without exhibits) is attached as Exhibit D.

23. The request sought expedited processing on the ground that The Times is "primarily engaged in disseminating information" and that "there is an urgency to inform the public concerning actual or alleged Federal Government activity," pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II) and 32 C.F.R. § 286.8(e)(1)(i)(B). The Times provided a detailed rationale in support of the expedited processing request.

24. On October 12, 2022, CENTCOM notified The Times of an interim letter in response to the request. The letter, dated October 4, 2022, denied The Times's request for expedited processing.

25. The Times has not since heard from CENTCOM regarding this request.

### The U.S. Army Request

26. On October 6, 2022, The Times submitted a similar request to the U.S. Army for records regarding the March 2019 incident in Baghuz. In particular, the request seeks the independent review records related to the incident. A copy of the request (without exhibits) is attached as Exhibit E.

27. The request sought expedited processing on the ground that The Times is "primarily engaged in disseminating information" and that "there is an urgency to inform the public concerning actual or alleged Federal Government activity," pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II) and 32 C.F.R. § 286.8(e)(1)(i)(B). The Times provided a detailed rationale in support of the expedited processing request.

28. The U.S. Army acknowledged the request by email on October 6. The Times has not since heard from the agency regarding this request.

### FIRST CAUSE OF ACTION

### Failure to Grant Expedited Processing

29. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

30. Defendant's refusal to expedite the processing of Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(6)(E), and 32 C.F.R. § 286.8(e).

31. Plaintiffs are entitled to an order compelling Defendant to process the requests on an expedited basis.

## SECOND CAUSE OF ACTION

**Failure to Disclose Records**

32. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

33. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

34. Defendant has failed to meet the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A), (B). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

35. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply. No exemptions permit the withholding of the documents sought by the requests.

36. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to the requests.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

37. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

38. Order Defendant to process the requests on an expedited basis by undertaking an adequate search for the requested records and providing those records to Plaintiffs within 10 business days of the Court's order;

39. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

40. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
November 4, 2022

/s/ David E. McCraw
David E. McCraw
Al-Amyn Sumar
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*