**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 29, 2022

BY ECF

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007

**Re: *New York Times & Khan v. U.S. Department of Defense*, 22 Civ. 9481 (MKV)**

Dear Judge Vyskocil:

Counsel for Plaintiffs The New York Times (the "Times") and Azmat Khan ("Khan") (collectively, "Plaintiffs") and Defendant the United States Department of Defense ("DoD") write in this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in accordance with this Court's Notice of Initial Pretrial Conference dated December 13, 2022 (ECF No. 8). The parties respectfully request (1) to be excused from the requirement to submit a proposed Civil Case Management Plan, and (2) an adjournment of the initial pretrial conference scheduled for January 11, 2023, to allow them additional time to meet and confer concerning a schedule for further proceedings in this matter. In addition, the parties wish to bring to the Court's attention two other FOIA cases filed by Plaintiff Khan against DoD involving the same general subject matter.

**Brief Statement of Nature of Case and Other Information Required by December 13 Order**

This case concerns four FOIA requests submitted by Khan, a reporter with the Times, seeking records from three DoD components relating to reported civilian casualties from military operations. Khan submitted one FOIA request to the United States Africa Command ("AFRICOM"), two requests to the United States Central Command ("CENTCOM"), and one request to the United States Army (the "Army").

Plaintiffs' principal claim seeks to compel the relevant DoD components to produce the records Khan has requested under FOIA. DoD's principal defense is that the respective

components are diligently processing the respective FOIA requests, as CENTCOM has done with respect to prior FOIA requests filed by Khan (described below).

The parties agree that this Court has subject matter jurisdiction under FOIA and that venue is proper in this District. The parties do not anticipate any discovery at this time, as FOIA actions are generally resolved though summary judgment without discovery. *See, e.g.*, *Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. DOJ*, 19 F.3d 807, 812–13 (2d Cir. 1994). For that reason, the parties do not believe the Court's standing Civil Case Management Plan is applicable to this matter, and respectfully request that they be excused from submitting a proposed Civil Case Management Plan.[1] However, counsel for the parties will meet and confer to discuss a proposed schedule for further proceedings in this matter, including a schedule for the respective DoD components to complete searches for records responsive to Khan's FOIA requests.

In addition, although the parties do not believe settlement discussions are appropriate at this time, they intend to meet and confer as the case proceeds to narrow the issues and attempt to resolve potential disputes without the need for motion practice.

**Request for Adjournment of Initial Pretrial Conference**

Given the scope of the FOIA requests at issue, the necessary involvement of three DoD components as well as the Office of Secretary of Defense, and the upcoming holidays, the parties believe it will be difficult to complete their discussions before January 11, 2023, the current date of the initial pretrial conference in this matter. The parties therefore request that the conference be adjourned to a date convenient to the Court on or after January 30, 2023. If the Court is amenable to an adjournment, the parties would submit, at least one week prior to the new date of the conference, a joint letter advising the Court of the status of their discussions and proposing a schedule for further proceedings.

**Khan's Other Pending FOIA Litigation Against DoD**

Finally, the parties wish to advise the Court that Plaintiff Khan has two additional FOIA matters pending in this District before Judge Cote involving records relating to civilian casualties from military action. *See Khan v. U.S. Dep't of Defense*, 18 Civ. 5334 (DLC) ("*Khan I*"); *Khan v. U.S. Dep't of Defense*, 21 Civ. 8105 (DLC) ("*Khan II*"). In both *Khan I* and *Khan II*, CENTCOM has been processing responsive records and making productions approximately every sixty days, and has produced thousands of pages of responsive records to date.[2]

The parties in this case agree that *Khan I* and *Khan II* concern the same general subject matter as this case, *i.e.*, FOIA requests seeking records of reported incidents of civilian casualties and/or records corresponding to reported "condolence" or "ex gratia" payments (*Khan II*, second

---

[1] In response to item 1 of the form Civil Case Management Plan, all parties do not consent to conducting all further proceedings before a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

[2] Paragraph 9 of the complaint in this case refers to Plaintiffs' reporting about "a tranche of DOD assessments of reports of civilian casualties resulting from U.S.-led airstrikes in Iraq and Syria," which were produced by CENTCOM in *Khan I*.

CENTCOM request). DoD believes the records sought from AFRICOM, CENTCOM, and the Army in this case are likely to be similar in nature to the records sought from CENTCOM in *Khan I* and *II*. To the extent any withholdings in *Khan I* or *II* are litigated through summary judgment motions, DoD believes there is likely to be significant overlap in the legal issues presented. While Plaintiffs acknowledge that some parts of the requests at issue here are similar in subject matter to requests made in the earlier *Khan* cases, production of documents by the defendants has resolved a large number of potential issues in the earlier litigation, and it is not known at this time whether motion practice will be needed in those cases.

The parties respectfully defer to the Court as to whether this case should be noticed as related to *Khan I* and *II* and/or should be reassigned to Judge Cote for reasons of judicial efficiency. A copy of this letter is also being filed in *Khan I* and *II*.

We thank the Court for its consideration of this letter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: /s/ *Sarah S. Normand*

SARAH S. NORMAND
Assistant United States Attorney
Telephone: (212) 637-2709
Email: sarah.normand@usdoj.gov
*Counsel for Defendant*

/s/ *David McCraw*

David McCraw
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 556-4031
Email: mccraw@nytimes.com
*Counsel for Plaintiffs*